# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAYNE PARKER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Criminal Action No. <br> 15-10221-FDS |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On March 18, 2018, the jury found petitioner Shayne Parker guilty of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g) and transporting a firearm across state lines without a license in violation of 18 U.S.C. § 922(a)(3). He was sentenced to a 60-month term of incarceration followed by a three-year term of supervised release. The Court has denied his petition for a writ of habeas corpus. He can only appeal that denial if he receives a certificate of appealability. For the following reasons, the Court declines to issue a certificate of appealability as to either ground in his petition.

A certificate of appealability will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). That standard must be independently satisfied as to "each and every issue raised by a habeas petitioner." *See Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999).

The Court concludes that jurists of reason could not disagree that petitioner's trial counsel did not render ineffective assistance by (1) failing to raise an equal protection challenge based on the Court's denial of individual voir dire and (2) failing to object to evidence admitted under Fed. R. Evid. 404(b). As to the first ground, as explained more fully in the Court's November 5, 2018 order denying the petition, the Court was not constitutionally required to conduct individual voir dire in this case. Accordingly, it was not ineffective assistance for counsel to fail to raise an equal protection challenge after counsel's request for individual voir dire was denied. In any event, petitioner's counsel did, in fact, object to the denial of individualized voir dire on the basis of ensuring an impartial jury and a fair trial for his client. As to the second ground, petitioner's counsel in fact objected to the admission of past-acts evidence on two occasions, contending that it was improper propensity evidence and that it was overwhelmingly prejudicial and only minimally probative.

Because petitioner's counsel's performance was not objectively unreasonable on either ground raised by petitioner, or even arguably unreasonable, jurists of reason could not disagree that the petitioner did not receive ineffective assistance of counsel within the meaning of the Sixth Amendment, or conclude that the issues presented are adequate to deserve encouragement to proceed further.

Accordingly, a certificate of appealability is DENIED as to both grounds in the petition.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV |
|  | F. Dennis Saylor, IV |
| Dated: November 15, 2018 | United States District Judge |